UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOM STARRETT,<br><br>            Plaintiff,<br><br>v.<br><br>KARIE COE, *et al.*,<br><br>            Defendants. | Case No. 2:16-cv-02065-APG-VCF<br><br>**ORDER (1) ACCEPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION; AND (2) TRANSFERRING CASE**<br><br>(ECF No. 6) |

On September 20, 2016, Magistrate Judge Ferenbach issued a report and recommendation recommending that I dismiss the complaint without prejudice. ECF No. 6. Plaintiff Tom Starrett filed something entitled "amendment of complaint and objections to R&R" but that document does not contain any substantive objections to the report and recommendation. ECF No. 8. Thus, I am not obligated to conduct a de novo review of the report and recommendation. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)).

Nevertheless, out of an abundance of caution, I reviewed the report and recommendation. 28 U.S.C. § 636(b)(1). Starrett alleges he was injured in a car accident caused by defendant Allstate Insurance's insured, defendant Tyler Moszcienski. Starrett appears to be attempting to assert a bad faith claim against Allstate and its employee, defendant Karie Coe, based on Coe's settlement offers, which Starrett claims are inadequate to compensate him for his injuries. However, under Nevada law, a third-party claimant like Starrett does not have a contractual relationship with Allstate and thus he has no standing to assert a bad faith claim against Allstate or Coe. *See Torres v. Nev. Direct Ins. Co.*, 353 P.3d 1203, 1211 (Nev. 2015). Pennsylvania law

similarly does not recognize a duty running from Allstate and Coe to Starrett regarding their settlement negotiations. *See Brown v. Candelora*, 708 A.2d 104, 108 (Pa. Super. Ct. 1998) ("[T]he duty to negotiate a settlement in good faith arises from the insurance policy and is owed to the insured, not to a third-party claimant." (quotation omitted)). Consequently, Judge Ferenbach properly concluded that Starrett's original complaint failed to state a claim against Coe and Allstate.

Judge Ferenbach also correctly concluded that Starrett failed to state a claim against defendants David Smith and Heather Smith. ECF No. 6. The original complaint does not explain why either of these defendants might be liable to Starrett other than identifying them as insureds and possibly owners of the car Moszcienski was driving.

However, while not a model of clarity, the original complaint states a negligence claim against Moszcienski. The complaint identifies Moszcienski as the driver who was at fault during a September 7, 2015 accident in Pennsylvania which resulted in injuries to Starrett. ECF No. 1-1 at 2, 5-6, 9, 12. Starrett filed an amendment to his complaint which further clarifies that Moszcienski allegedly pulled out in front of Starrett, causing an accident in which Starrett suffered personal injuries including road rash, a fractured rib, and a bruised lung. ECF No. 8. Although Starrett also filed a second amended complaint (ECF No. 12), he did not have leave of court to file that. I therefore disregard that document and ECF No. 8 is the operative complaint in this matter.

The amended complaint does not cure the identified defects as to Coe, Allstate, or the Smiths. As to Allstate and Coe, nothing in Starrett's amended complaint changes the fact that neither Nevada nor Pennsylvania law allows for a bad faith claim against an insurer by a third party claimant like Starrett. As to the Smiths, Starrett's amended complaint again only identifies them as owners of the car or insureds on the policy. He does not allege any facts to plausibly state why they would liable to him for personal injuries caused by Moszcienski's negligence.

In an October 5, 2016 letter, Starrett asks that I order the Clark County Detention Center to give him a medical scan to support his claims in this case. ECF No. 10. Requests for relief

1  must be styled as a motion. Moreover, Starrett does not support his request with any authority
2  that I may direct a detention facility to provide medical diagnostic tests to support a prisoner's
3  civil lawsuit in a case to which the Clark County Detention Center is not a party. I further note
4  that Starrett is now housed at High Desert Prison. ECF No. 13. I therefore deny this request.
5      In an October 6, 2016 letter, Starrett requests advice regarding a notice received from the
6  court regarding proof of service. ECF No. 11. Neither I nor the clerk's office can give Starrett
7  legal advice. I refer Starrett to the Federal Rules of Civil Procedure for information on service of
8  process.
9      Starrett requests copies of various documents. As a one-time courtesy in light of Starrett's
10  indigent status, I will direct the clerk of court to provide Starrett copies of the following
11  documents:
12      - the exhibits attached to Starrett's amended complaint (ECF No. 8 at pages 5-8);
13      - the exhibits attached to Starrett's letter received October 5, 2016 (ECF No. 10 at 4-6);
14      - the exhibits attached to Starrett's second amended complaint (ECF No. 12 at 5).
15      Finally, I note that there appears to be diversity jurisdiction in this action. Starrett appears
16  to be a Nevada resident, Moszcienski appears to be a Pennsylvania resident, and the amount in
17  controversy is over $75,000. However, there is no basis to conclude that this court has personal
18  jurisdiction over defendant Moszcienski. Nothing suggests Moszcienski has ever had any
19  contacts with the State of Nevada. The accident occurred in Pennsylvania. The police report
20  attached to the amended complaint identifies a Pennsylvania address for Moszcienski. ECF No. 8
21  at 5. Additionally, a letter from Coe to Starrett advises him that "any legal proceedings will need
22  to be filed in Pennsylvania." ECF No. 1-1 at 9. Thus, it appears Moszcienski is subject to
23  personal jurisdiction in Pennsylvania. In the interests of justice, I will transfer the action to the
24  United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1631.
25      IT IS THEREFORE ORDERED that Magistrate Judge Ferenbach's report and
26  recommendation **(ECF No. 6) is accepted in part and modified in part**. The original and
27  amended complaints fail to state a claim against defendants Allstate Insurance, Karie Coe, David
28

Smith, and Heather Smith.  The amended complaint (ECF No. 8) is the operative complaint in this action.

IT IS FURTHER ORDERED that plaintiff Tom Starrett's requests that I order the Clark County Detention Center to provide him with a medical scan (ECF No. 10) and that I or the clerk's office advise him about service of process (ECF No. 11) are DENIED.

IT IS FURTHER ORDERED that the clerk of court shall provide plaintiff Tom Starrett with copies of the following documents:

- the exhibits attached to Starrett's amended complaint (ECF No. 8 at pages 5-8);

- the exhibits attached to Starrett's letter received October 5, 2016 (ECF No. 10 at 4-6);

- the exhibits attached to Starrett's second amended complaint (ECF No. 12 at 5).

IT IS FURTHER ORDERED that this case is transferred to the United States District Court for the Middle District of Pennsylvania.

DATED this 9th day of November, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE